IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-02879-GPG-NRN

STATE FARM FIRE AND CASUALTY COMPANY,

    Plaintiff,

v.

BASS LAKE ESTATES HOMEOWNERS ASSOCIATION,

    Defendant.

---

**ORDER**

---

Before the Court are (1) Plaintiff State Farm Fire and Casualty Company's (State Farm) Motion for Summary Judgement (D. 37) and (2) Defendant Bass Lake Estates Homeowners Association's (Bass Lake) Cross-Motion for Summary Judgment (D. 38). The motions litigate the same issue and can be resolved in one order. For the following reasons, the Court GRANTS Plaintiff's motion for summary judgment (D. 37).

### I. FACTS[1]

Bass Lake Estates is a high-end residential community located in eastern Mesa County, Colorado. Property owners, Mark and Wendy Richards, filed an Arbitration Demand against Bass Lakes in large part to address drainage issues in the subdivision (*see* D. 36-2). The matter proceeded to arbitration and a final order and award of attorney fees in favor of Petitioners was

---

[1] The parties submitted a Joint Statement of Stipulated Facts, which this Court incorporates (D. 36).

issued on July 13, 2022 (D. 36-3).  The dispute in this case centers around the awarded attorney fees in the amount of $126,816.00—Bass Lake claims State Farm is responsible for those fees and State Farm contests this claim.

The arbitrator, the Honorable Frederick B. Skillern (ret.), found that the petitioners had not suffered specific monetary damages that could be readily calculated, and awarded damages in the amount of $10 (D. 36-3 at 15).  Additionally, the arbitrator awarded attorney fees to the petitioners under Colorado Revised Statute § 38-33.3-123(1)(c) and Articles 10.15 and 10.20 of the Declaration of Covenants, Conditions, Restrictions, and Easements for Bass Lake Estates (HOA Declaration) (*id.* at 15; D. 36-1).  The arbitrator found that the petitioners were the "prevailing parties" noting that they had prevailed on some, but not all claims, and had been awarded "significant relief" (D. 36-3 at 16).  The arbitrator awarded the petitioners $126,816.00 in attorney fees and $28,800 in costs.

The dispute in the instant case pertains to whether these attorney fees are payable under the insurance policy.  Article 10.15 of the HOA Declaration states:

> Costs and Attorney's Fees.  In any action or proceeding under this Declaration, the prevailing party shall be entitled to recover its costs and expenses in connection therewith including reasonable attorney's fees.

(D. 36-1 at 11).  In conjunction with this provision—as noted by the arbitrator—is Article 10.20, which states:

> In the event that any of the terms and conditions of this Declaration are in conflict or inconsistent with the terms and conditions of the Colorado Common Interest Ownership Act, the terms and conditions of the Act shall control.  All terms and provisions contained herein, to the extent possible, shall be construed in accordance with the terms and provisions of the Act.

(*Id.*).

The relevant portion of the Colorado Common Interest Ownership Act (CCIOA) states:

> In any civil action to enforce or defend the provisions of this article or of the declarations, bylaws, articles, or rules and regulations, the court shall award reasonable attorney fees, costs, and costs of collection to the prevailing party.

Colo. Rev. Stat. Ann. § 38-33.3-123(1)(c).

Plaintiff State Farm insured the HOA under policy 96-KB-3324-5 with an effective period of September 6, 2019, to September 6, 2020 (D. 36 at 2). This policy contains a provision covering "[a]ny cost taxed against the insured in the 'suit', except for attorney fees and expenses" (*id.* at 3; *see also* D. 36-4 at 67-68).

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the factual record and reasonable inferences based on said record "in the light most favorable to the non-moving party." *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008). The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* If the moving party meets this burden, the opposing party must go beyond the pleadings and designate evidence showing there is a genuine triable issue. *Celotex*, 477 U.S. at 323–24. Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient

3

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### III.  ANALYSIS

The insurance policy does not have a choice of law provision, except to state:

> Conformity to State Law:
>
> When a provision of this policy is in conflict with the applicable law of the state in which this policy is issued, the law of the state will apply.

(D. 36-4 at 83).  In a diversity action, the Court applies the substantive law of the forum state, including its choice of law rules.  *See Berry v. Murphy*, 586 F.3d 803, 808 (10th Cir. 2009).  Under Colorado's choice-of-law rules, an insurance contract is governed by the law of the state with the most significant relationship to the insurance contract.  *Id*.  Here, the Court applies Colorado state and common law in this action as Colorado has the most significant relationship to the policy as well as the state in which the policy was issued.

The singular issue remaining for determination in this action is whether the attorney fees are costs or damages.  Attorney fees can be classified as either costs or damages depending on the circumstances.  *See Chartier v. Weinland Homes, Inc.*, 25 P.3d 1279, 1281 (Colo. App. 2001).  Such a determination is "a fact- and context-sensitive one, which rests with the sound discretion of the trial court." *LNV Corp. v. Hook*, No. 14-CV-00955-RM-SKC, 2019 WL 7546602, at *2 (D. Colo. Mar. 5, 2019) (quoting *Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 941 (Colo. 1993)); *see also Farmers Reservoir & Irr. Co. v. City of Golden*, 113 P.3d 119, 134 (Colo. 2005) ("Classifying attorney fees as 'costs' or 'damages' for the purpose of moratory interest depends on the context of the case.").

4

Unfortunately, the arbitrator did not denote whether the attorney fees were awarded as costs or damages leaving this Court to divine the arbitrator's intent from the facts and circumstances of the underlying litigation. *See Peerless Indem. Ins. Co. v. Colclasure*, No. 16-CV-424-WJM-CBS, 2017 WL 633046, at *10 (D. Colo. Feb. 16, 2017) (noting that the trial court's characterization should not be disturbed because the classification of the fee award rests upon the discretion of the trial court). Indeed, the Colorado Supreme Court has held:

> If attorney fees are part of the substance of a lawsuit, that is, if the fees being sought are the legitimate consequences of the tort or breach of contract sued upon, such as an insurance bad faith case, then such fees are clearly damages. If, on the other hand, attorney fees are [] simply the consequence of a contractual agreement to shift fees to a prevailing party, then they should be treated as costs at least where the fee-shifting contract provision is not the subject of the dispute between the parties and the contract itself is proven to exist.

*Ferrell*, 848 P.2d at 941-42 (internal quotation marks and citation omitted).

Bass Lake analogizes the facts in this case to a bad faith insurance claim, which allows for double damages and attorney fees under Colorado Revised Statute § 10-3-1116(1), and argues that the Court should determine the attorney fee award constitutes damages. *See, e.g., Hall v. Am. Standard Ins. Co. of Wisconsin*, 292 P.3d 1196, 1200 (Colo. App. 2012), *overruled on other grounds by L.H.M. Corp., TCD v. Martinez*, 499 P.3d 1050 (Colo. 2021). The Court finds this argument unavailing. By its very nature, a bad faith insurance claim under Colorado Revised Statute § 10-3-1115 requires the insurance company to have engaged in improper conduct by unreasonably delaying or denying payment of a claim for benefits that were owed—thus the double damages and attorney fees as a penalty for such malfeasance. That is not the case here.

In the current action, the petitioners (Wayne and Wendy Richards) filed nine claims for relief in their Arbitration Demand and Petition (D. 36-2). On some claims, the petitioners

prevailed; on others, the petitioners did not (*see* D. 36-3). Of particular importance to this Court's analysis is the petitioners' ninth cause of action "Malice and Bad Faith" (D. 36-2 at 14). As to this claim, the arbitrator stated:

> Ninth Claim – Damages. I do not find that Plaintiffs have suffered specific monetary damage, of that significant monetary damage has been proven by a preponderance of the evidence, which can be readily calculated. Because of the failure of the Association to act and to perform its maintenance duties described in this order, I award damages in the amount of ten dollars ($10.00).
>
> As prevailing parties to this proceeding, I award Petitioners reasonable and necessary reasonable attorney fees and costs as required by C.R.S. section 38-33.3-123(1)(c) and articles 10.15 and 10.20 of the Covenants.

(D. 36-3 at 15). The arbitrator further noted that the petitioners were the prevailing parties and achieved relief on their first, second, seventh, and eighth claims (*id.* at 16). Therefore, the petitioners succeeded upon a significant issue and achieved "some of the benefits [] sought in the lawsuit" (*id*. (citing *FD Ints., LLC v. Fairways at Buffalo Run Homeowners Ass'n, Inc.*, 490 P.3d 496, 507 (Colo. App. 2019))).

Viewing the attorney fee award in the context that it was ordered by the arbitrator, it is clear to this Court that the award was a consequence of the fee-shifting provisions of § 38-33.3-123(1)(c) and Article 10.15 of the Covenants rather than damages that were part of the substance of the case. Here, the Court does not find that the attorney fees are a legitimate consequence of the tort or breach of contract sued upon. Indeed, the arbitrator stated that he awarded the fees because Petitioners were the primary prevailing party and prevailed upon at least a central issue. Because the fees were awarded as costs and not damages, they are excluded from recovery against State Farm per the policy language.

## IV.  CONCLUSION

Accordingly, Plaintiff State Farm's motion for summary judgment (D. 37) is GRANTED and Defendant Bass Lakes's cross-motion for summary judgment (D. 38) is DENIED.  Judgment shall enter in favor of Plaintiff and against Defendant.

DATED December 5, 2023.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

7